# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

In Re: J.S., J.S., and J.S.

No. 14-0011 (Wood County 12-JA-94, 12-JA-95 & 12-JA-96)

**FILED**

June 19, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Carrie S.,[1] by counsel Joseph Troisi, appeals the Circuit Court of Wood County's order entered on September 9, 2013, ruling that she had sexually abused her older two children and physically abused her oldest daughter. The petitioner also appeals the order entered on November 1, 2013, terminating her parental rights and the order entered on December 9, 2013, denying her post-termination visitation. The respondent, the West Virginia Department of Health and Human Resources, by counsel S. L. Evans, Assistant Attorney General, and the Guardian ad litem, Courtney L. Ahlborn, have filed a response to the present appeal.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is the mother of three children, ages ten (10), nine (9), and eight (8). James S. is the father of all three children and was married to the petitioner until they divorced during the proceedings below. All three of the children display a range of symptoms that place them in the autism spectrum.

On July 18, 2012, an abuse and neglect Petition was filed in circuit court against the petitioner and her former husband. At that time, their three children were removed from their care due to medical neglect, emotional neglect, and failure to provide a safe and clean home. Several hearings were held to take evidence on the original Petition. However, on April 3, 2013, the parents stipulated to the underlying facts in the original petition.

On January 4, 2013, an Amended Petition was filed alleging that the father had sexually abused the older two children, the mother had failed to protect them, and the mother had physically abused the oldest child. The parents refused to stipulate to the allegations of sexual abuse in the Amended Petition. On April 26, 2013, the parties submitted and the court approved the terms and conditions of the improvement periods for the mother and father. Thereafter, the

---

[1] We use initials to identify the parties in this case, following our practice of protecting the identity of juveniles in sensitive cases. *See*, *e.g*., *State ex rel. WV Dept. of Human Services v. Cheryl M.*, 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987); *see also* W.Va. R. App. P. 40(e)(1).

1

parents sought a hearing regarding the sexual abuse allegations. On July 22, 2013, the adjudicatory hearing was completed on the Amended Petition.

On September 3, 2013, the circuit court held a review hearing concerning the parents' improvement periods. The record reflects that the petitioner was participating in her improvement period and that there was no reason to warrant a motion to terminate the improvement period. At that time, the circuit court was also made aware that the parents had separated and that the father had moved out of the former marital home.

On September 9, 2013, the circuit court entered the final adjudication order regarding the Amended Petition. Therein, the court established the following findings of fact.

According to a psychologist who evaluated the children, the two older children both suffer from post-traumatic stress disorder ("PTSD"). The children's PTSD was caused by sexual abuse and witnessing sexual acts within the home. The circuit court further established that the mother had burned the oldest child's hand on the stove and with a cigarette.

Regarding the sexual abuse allegations, the circuit court found that the father made the oldest daughter kiss his penis in the living room where many others were present, including the mother who discouraged the activity. The circuit court found that, on at least one occasion, the father touched the oldest daughter's chest and genitals with his penis. In response, the mother remarked, "[l]ook at you two." The circuit court further found that the father required the oldest daughter to dance with her clothes off, and that the mother would then have to instruct the daughter to "[p]ut [her] clothes back on." Additionally, both parents instructed the oldest daughter to kiss and wash their private parts. On the basis of these findings, the circuit court concluded that both parents had sexually abused their older two children and that the mother had caused physical injury by burning the oldest daughter.

At a subsequent dispositional hearing, the petitioner informed the circuit court that her sister and her sister's husband had expressed a desire to provide custody and care for the children. The petitioner further notified the circuit court that her sister and her sister's husband had successfully completed a home study by the Department of Health and Human Resources. The circuit court, however, found that there was no reasonable likelihood that the circumstances of abuse and neglect could be corrected and, therefore, terminated the parental rights of both parents to all three children. On December 9, 2013, the circuit court also denied the petitioner's request for post-termination visits and rejected placing the children in the maternal aunt's home.

The petitioner now appeals the circuit court's orders, and presents four assignments of error.

The petitioner's first argument is that the circuit court erred in concluding that there was clear and convincing evidence that she had sexually and emotionally abused her oldest and middle daughters, and that she had physically abused her oldest daughter. The petitioner argues that the only evidence that the middle child was sexually abused consisted of one interview. The petitioner further claims that there was not enough evidence to make the finding and conclusion that the petitioner had burned her oldest child's hand. The petitioner's second argument is that the circuit court erred in relying upon these factual findings to terminate her parental rights.

2

As the petitioner chose to remain silent regarding the sexual abuse allegations in the Amended Petition, the circuit court rightfully considered the silence as an adverse inference against the petitioner-mother and respective father, under the court's decision in Syllabus Point 1 of *West Virginia Dept. of Health and Human Resources ex rel. Wright v. Doris S.*, 197 W.Va. 489, 475 S.E.2d 865 (1996) ("Implicit in the definition of an abused child . . . is the child whose health or welfare is harmed or threatened by a parent or guardian who fails to cooperate in identifying the perpetrator of abuse, rather choosing to remain silent."). Furthermore, W. Va. Code § 49-6-5(a)(6) [2012] provides that the circuit court may terminate parental rights "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future." The language of the statute continues:

> "[N]o reasonable likelihood that conditions of neglect or abuse can be substantially corrected" shall mean that, based upon the evidence before the court, the abusing adult or adults have **demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help**. Such conditions shall be considered to exist in the following circumstances, which shall not be exclusive…

> (5) The abusing parent or parents have repeatedly or seriously injured the child physically or emotionally, or have **sexually abused or sexually exploited the child**, and the degree of family stress and the potential for further abuse and neglect are so great as to preclude the use of resources to mitigate or resolve family problems or assist the abusing parent or parents in fulfilling their responsibilities to the child.

W.Va. Code § 49-6-5(b) (emphasis added).

The evidence before the circuit court demonstrates that each of the older children experienced an incident of sexual abuse or exploitation occurring at the hands of the petitioner. In addition, the evidence indicates that the petitioner was aware of further sexual abuse of at least one of the children by the father yet failed to seek outside help. Our review of the record uncovers no error or abuse of discretion by the circuit court based on the arguments the petitioner raises on appeal, and we affirm the circuit court's orders on these two points.

The petitioner's third argument is that the circuit court erred in denying her post-termination visits and continued contact with her children. The petitioner claims that the circuit court specifically acknowledged the existence of an emotional bond between the petitioner and children by emphasizing her sincere love for her children. Finally, the petitioner's fourth argument is that the lower court erred in refusing to place the children in the home of their maternal aunt.

In the case of *In re Jonathan G.*, this Court held,

The guiding principle relied upon by this Court in recommending consideration of continued contact with a child is whether a strong emotional bond exists between the child and an individual such that cessation in contact might be harmful to the

> child, both in its transitory period of adjusting to a new custodial arrangement and in its long-term emotional development.

*In re Jonathan G.,* 198 W.Va. 716, 735, 482 S.E.2d 893, 912 (1996). In this case, the circuit court's order makes no mention that an emotional bond had been formed between the petitioner and her children. Furthermore, the evidence establishes that the children are thriving in their current environment and would be subject to regress if their situation changed. A psychologist who examined the children stated that the children had expressed extreme anxiety when returning to Wood County for any reason, and that the children would suffer a "significant decompensation" if parental visitation were allowed. Put simply, petitioner failed to demonstrate that visitation and contact would benefit the children. Therefore, this Court agrees with the circuit court's ruling that the petitioner should be denied post-termination visits and continued contact with her children.

Similarly, neither the petitioner nor the aunt presented any evidence to demonstrate a bond between the maternal aunt and the children. In her testimony, the aunt only conveyed her desire to maintain custody of the children. More importantly, during the testimony of the maternal aunt, she denied the sexual abuse and exhibited an inability or unwillingness to understand the matter from the children's perspective. Thus, this Court also agrees with the circuit court's ruling that the children should not be placed in the home of their maternal aunt. For these reasons, this Court can find no error with the circuit court's findings.

For the foregoing reasons we affirm the circuit court's September 9, 2013, November 1, 2013, and December 9, 2013 orders.

Affirmed.

**ISSUED:** June 19, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4